**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

John C. Goodrich, individual,

Plaintiff,

vs.

Cause No.:

Jayco, Inc.,
a Domestic Profit Corporation,

Defendant.

---

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, John C. Goodrich by and through his attorneys, Lemon Law Group Partners PLC, and submits the following as his Complaint against Defendant Jayco, Inc. ("Defendant Jayco" or "Defendant Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff John C. Goodrich is an individual residing at 3 Birchwood Cove, Savannah GA 31419.
2. Defendant Jayco, Inc. is a domestic profit corporation doing business throughout the State of Indiana. Jayco, Inc. may be served through its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.
3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Middlebury.

## COMMON AVERMENTS

4. On or about March 27, 2024, Plaintiff purchased a new 2024 Light 275RLS Travel Trailer, VIN: 58TBM0BR8R3TL3062 from an Authorized Dealership (the "Subject Trailer"). Please see Exhibit A: Purchase Agreement.
5. At the time of purchase, the Trailer was accompanied by a factory warranty which, in relevant part, provided for a 2 (year) year limited warranty and 3 (three) year structural warranty (the "Warranty"). Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's Possession. Please see Exhibit B.
6. The Subject Trailer was purchased primarily for personal, family, and/or household purposes.
7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.
8. In fact, when delivered, the Subject Trailer was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.
9. Shortly after purchase, Plaintiff noticed defects in the Trailer including but not limited to multiple water leaks despite numerous repair attempts, air conditioning defects despite numerous repair attempts, entranceway floor stained under vinyl flooring despite numerous repair attempts, water damage to subfloor despite numerous repair attempts, mold and mildew under floor covering, subfloor glue compromised due to water leak, top layer of particle board subfloor deformed due to water intrusion, and water damage to floor persists despite numerous repair attempts. Plaintiff returned the Trailer to an Authorized Dealership for repair on at least 7 (seven) occasions.

10. Subject Trailer has been out-of-service for at least 150 (one hundred fifty) total days for the aforementioned repairs.
11. Despite the prolonged time during which the Subject Trailer has been out-of-service, Defendant Manufacturer has failed to repair the Subject Trailer so as to bring it into conformity with the warranties set forth herein.
12. The defects experienced by Plaintiff with the Subject Trailer substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the trailer to operate as designed.
13. Despite Plaintiff's repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Trailer, many nonconforming and defective conditions were not repaired, and still exist.
14. The Trailer still has issues including extensive water damage.
15. Plaintiff directly notified Defendant Manufacturer of the defective conditions of the trailer on numerous occasions and that he desired a buy-back of the Subject Trailer, wherein Defendant failed and refused to buy back Plaintiff's defective Trailer and to reimburse Plaintiff pursuant to his rights under State and Federal Laws. Please see Exhibit C: Written Notification
16. This cause of action arises out of the Defendant Manufacturer's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.
17. Plaintiff seeks judgment against Defendant in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

**COUNT I**
**BREACH OF FACTORY WARRANTY**

19. Plaintiff fully repeats and incorporates Paragraphs 1 through 18, as set forth above.
20. Defendant Jayco extended to Plaintiff a 2 (two) year limited warranty and 3 (three) year structural warranty ("Warranty").
21. Plaintiff, seeking to repair the Subject Trailer, attempted to exercise Plaintiff's rights under the Warranty.
22. Defendant Jayco has failed to honor the terms of the Warranty.
23. Defendant Jayco has failed or refused to repair the issues which include extensive water damage.
24. As a result of the actions set forth above, Defendant Jayco has breached its warranty.
25. As a result of Defendant Jayco's breach of warranty, Plaintiff has, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant Jayco in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

**COUNT II**
**BREACH OF MAGNUSON-MOSS WARRANTY ACT**

26. Plaintiff fully repeats and incorporates Paragraphs 1 through 25, as set forth above.
27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).
28. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

29. Defendant Jayco is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

30. The Subject Trailer is a "consumer product" as defined by 15 USC § 2301(6).

31. 15 USC § 2310(d)(1)(A), requires Defendant Jayco, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Trailer within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

32. The actions of Defendant Jayco as hereinabove described, in failing to tender the Subject Trailer to Plaintiff free of defects and refusing to repair or replace the defective trailer tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

33. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant Jayco, Defendant Jayco has failed and refused to cure any defects and non-conformity with the Subject Trailer.

34. As a result of Defendant Jayco's breach of factory warranty as set forth above, and Defendant Jayco's failure to honor its obligations under its warranties, Plaintiff has, and will continue to, suffer damages as enumerated above.

35. Defendant Jayco had a reasonable opportunity to remedy the defects in the trailer but has failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Trailer;

(3) For Defendant Jayco to accept return of Subject Trailer;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: June 25, 2026

Respectfully submitted,

**LEMON LAW GROUP PARTNERS PLC**

By: __*/s/ Sara Douglas*__

Sara Douglass, Esq.
48 North Emerson Avenue, Suite 400
Greenwood, Indiana 46143
Telephone No.: (888) 415-0610
Facsimile No.: (888) 809-7010
sarab@lemonlawgrouppartners.com
ljordan@lemonlawgrouppartners.com